[Cite as *State v. Marcum*, 2017-Ohio-7655.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

STATE OF OHIO

    Appellee

v.

CLINTON D. MARCUM

    Appellant

C.A. No. 16AP0084

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No. 2016 CRC-I 000101

DECISION AND JOURNAL ENTRY

Dated: September 18, 2017

SCHAFER, Presiding Judge.

**{¶1}** Defendant-Appellant, Clinton Marcum, appeals from his sentence in the Wayne County Court of Common Pleas. This Court reverses.

I.

**{¶2}** After his daughter and granddaughters accused him of sexually assaulting them over different time periods, a grand jury indicted Marcum on two counts of rape, two counts of gross sexual imposition, four counts of corrupting a minor, three counts of sexual battery, three counts of sexual imposition, and three counts of public indecency. Marcum waived his right to a jury trial, and eleven of his counts were either dismissed at the request of the State or by virtue of the trial court granting his motion for acquittal. The trial court ultimately found him guilty of two counts of gross sexual imposition, one count of sexual battery, and three counts of sexual imposition.

{¶3}    The trial court sentenced Marcum to five-year prison terms on each of his counts for gross sexual imposition and sexual battery.  It then sentenced him to 60-day jail terms on two of his sexual imposition counts and declined to sentence him on the third sexual imposition count.[1]  The court ordered Marcum to serve the sentences on his gross sexual imposition and sexual imposition counts concurrently with one another, but consecutive to his five-year sentence on the sexual battery count.  Thus, it sentenced Marcum to a total of ten years in prison.

{¶4}    Marcum now appeals from the court's judgment and raises one assignment of error for our review.

II.

**Assignment of Error**

**The trial court failed to make the findings necessary to impose consecutive sentences upon Appellant.**

{¶5}    In his sole assignment of error, Marcum argues that the trial court erred when it imposed consecutive sentences upon him in the absence of the required statutory findings.  We agree.

{¶6}    In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the

---

[1] During the sentencing hearing, the court found that two of the sexual imposition counts were allied offenses of similar import.  Thus, those counts merged for purposes of sentencing and no separate sentence was imposed on the third count.

mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} A court may order an offender to serve consecutive prison terms for multiple offenses if: (1) "the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) the court also makes one of the required findings under R.C. 2929.14(C)(4)(a)-(c). R.C. 2929.14(C)(4). Those required findings are that:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18 * * *, or was under post-release control for a prior offense[;]
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct[; or]
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c). A court may not impose consecutive prison terms without "mak[ing] the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporat[ing] its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. Though a "word-for-word recitation of the language of the statute is not required," a reviewing court must be able to (1) "discern that the trial court engaged in the correct analysis"; and (2) "determine that the record contains evidence to support the findings * * *." *Id.* at ¶ 29. "When a trial court imposes consecutive sentences without making the R.C. 2929.14(C)(4) findings at the sentencing hearing, the remedy is to remand the matter for resentencing." *State v. Williams*, 9th Dist. Medina No. 14CA0072-M, 2015-Ohio-2197, ¶ 9.

{¶8} The trial court here did not cite R.C. 2929.14(C)(4) in its sentencing entry or make any written findings corresponding to that subsection. Instead, the court wrote that it had considered "the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution." Likewise, at the sentencing hearing, the court only discussed having fashioned Marcum's sentence "based upon the overriding principles and purposes of felony sentencing." Though the court briefly noted that a sentence should protect the public, punish the offender, and "be proportional to the harm caused and impact upon the victims," the court gave no indication that it was considering Marcum's conduct in light of R.C. 2929.14(C)(4). Moreover, the court did not make any statements that this Court could construe as satisfying one of the required findings under R.C. 2929.14(C)(4)(a)-(c).

{¶9} In its brief on appeal, the State concedes that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Upon review, the record also supports the conclusion that the trial court failed to make those findings. Because the court sentenced Marcum to serve consecutive prison terms without making the required statutory findings, this matter must be remanded for resentencing. *Id.* Accordingly, Marcum's sole assignment of error is sustained.

## III.

{¶10} Marcum's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for resentencing.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.