[Cite as *State v. Jackson*, 2019-Ohio-3299.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180245 |
| | | C-180246 |
| Plaintiff-Appellee, | | TRIAL NOS. B-1705497-B |
| | : | B-1706671 |
| vs. | | |
| | : | *O P I N I O N.* |
| KAITLIN JACKSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 16, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William Gallagher*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Kaitlin Jackson has appealed her sentences in two cases in which she pled guilty to a string of burglaries and receiving stolen property. In one assignment of error, Jackson argues that the trial court failed to comply with Ohio law and imposed a sentence which was unconstitutionally excessive.

{¶2} During the sentencing hearing, the trial court failed to make the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences, and so we vacate the consecutive nature of the sentences and remand the cause for a new sentencing hearing on that issue only. We affirm in all other respects.

### *Factual Background*

{¶3} Jackson and her codefendants, Robert Daniel and Roslyn Mills, committed a string of burglaries across Hamilton County to get money for drugs. Daniel burglarized the homes, then Mills and Jackson would pick Daniel up in the getaway car. Jackson would then pawn the stolen items, and the three would split the profits. Jackson claims that her ex-boyfriend introduced her to heroin and then broke up with her, causing her to go into a depression. The two codefendants, associates of the ex-boyfriend, then moved in with Jackson, and the three began burglarizing homes to support their drug habits.

{¶4} As part of a plea deal, Jackson pled guilty to one count of second-degree-felony burglary, four counts of third-degree-felony burglary, and three counts of fourth-degree-felony receiving stolen property.

{¶5} The court sentenced Jackson to eight years on the second-degree burglary and two years on one of the third-degree burglaries, to be served

consecutively, for a total sentence of ten years. The remaining third-degree burglaries netted sentences of three years each, to be served concurrently with the ten-year sentence. Jackson received 18 months on each of the three counts of receiving stolen property, to be served concurrently with the ten-year sentence.

{¶6} Jackson contends that the trial court's seriousness and recidivism findings under R.C. 2929.11 and 2929.12, and the consecutive-sentencing findings under R.C. 2929.14(C)(4) were erroneous, and that her sentence shocks the sense of justice in the community such that it violates the Ohio Constitution.

### *R.C. 2953.08(G)(2) and Appellate Review of Felony Sentences*

{¶7} An Ohio appellate court's review of criminal sentences is quite limited. Pursuant to R.C. 2953.08 (G)(2):

The appellate court may [increase, reduce, otherwise modify, or vacate a sentence] if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} In *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.), this court interpreted R.C. 2953.08 (G)(2) to mean that we may only modify or vacate a defendant's sentence "if we 'clearly and convincingly find' that either (1) the record does not support the *mandatory* sentencing findings, or (2) that the sentence is 'otherwise contrary to law.' " (Emphasis added.) Subsequently, in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1, the Ohio Supreme

Court held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings *under relevant statutes* or that the sentence is otherwise contrary to law." (Emphasis added.) Later in the opinion, the court noted:

some sentences do not require findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, *an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.*

(Emphasis added.) *Id.* at ¶ 23.

{¶9} Since *Marcum*, this court has held that an appellate court may modify or vacate a felony sentence "only if it 'clearly and convincingly finds' that the record does not support the *mandatory* sentencing findings, if any, or that the sentence is 'otherwise contrary to law.' " (Emphasis added.) *State v. Brown*, 1st Dist. Hamilton Nos. C-170713 and C-170714, 2019-Ohio-1455; *Marcum* at ¶ 7; *White* at ¶ 11.

{¶10} This court has further held that a trial court is *not required* to make findings regarding the R.C. 2929.11 principles and purposes of felony sentencing, or the seriousness and recidivism factors of R.C. 2929.12. *State v. Ridder*, 1st Dist. Hamilton No. C-150460, 2016-Ohio-5195, ¶ 29. In fact, this court has held that where the record is silent regarding the court's consideration of R.C. 2929.11 or 2929.12, we *presume* the trial judge properly considered those statutes, and *it is the*

*defendant's burden to demonstrate otherwise.* (Emphasis added.) *Id.*; *State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 42, *appeal not allowed*, 155 Ohio St.3d 1423, 2019-Ohio-1421, 120 N.E.3d 868.

{¶11} It is in light of these restrictions that we will review Jackson's sentence.

**R.C. 2929.11 and 2929.12**

{¶12} While the sentencing court was not required to make findings pursuant to R.C. 2929.11 and 2929.12, it is clear from the record in this case that the court properly considered those statutes. Our review is limited to whether the trial court properly considered the factors in coming to its sentencing decisions, not whether the trial court correctly weighed each factor. In Jackson's case, the trial court went above and beyond what was required and stated some of its reasons for Jackson's sentences both orally at the sentencing hearing and in a written entry.

{¶13} In its written reasons justifying its sentences, the court found that the victims suffered serious psychological and economic harm, Jackson's relationship with some of the victims facilitated the offenses, Jackson was the "brains" behind the burglaries, and she was a danger to the community. None of these reasons are erroneous or contrary to the record.

{¶14} At the sentencing hearing, the court was presented with evidence that Jackson and her codefendants took items of great value from the people they burglarized, including jewelry, firearms, family heirlooms, and over $60,000 worth of cash and other items from one family alone. Moreover, Jackson's actions took an emotional and mental toll on the families she burglarized. There was ample evidence in the form of victim testimony and victim-impact statements of the great

psychological harm Jackson caused the victims. For at least two of the burglaries, Jackson selected the victims, who were known to her previously. Two police officers testified at the sentencing hearing that Jackson was the "ringleader" and the "brains of the burglaries."

{¶15} The judge recognized during the sentencing hearing that Jackson and her codefendants did not cause any physical harm to any of the victims' persons, but there was evidence in the record to support a finding that Jackson did expect to cause physical harm to the victims' property. Daniel broke into the homes and then forcibly removed the victims' property, and Jackson acknowledged in her sentencing memorandum that her actions caused harm to the victims' property.

{¶16} In its written reasons justifying its sentences, the trial court noted that there were "many burglaries," the victims were "emotionally devastated," and Jackson "[a]ppears to be willing to commit criminal acts of any means to get drug money." Also, during the sentencing hearing, the judge told Jackson, "I do not have before me, other than words, an assurance that you would not commit crimes again. The last time you were a free person, it took seven Narcan hits to bring you back * * *."

{¶17} While Jackson should be commended for acknowledging her drug problem, completing a treatment program, and doing well during her time at Talbert House, it is clear that the judge was particularly disturbed that she relapsed and overdosed while on bond.

{¶18} Admittedly, there was much mitigating evidence in Jackson's favor. She wrote letters of apology to all of the victims she was allowed to contact. At the sentencing hearing, she offered to pay restitution. She completed a drug-treatment

program. She completed the Women's Reward program at Talbert House and indicated that she wanted to help other people addicted to drugs. She was elected "community leader" by the staff at Talbert House. Jackson cooperated with members of law enforcement after her arrest. Jackson had essentially no criminal record, and had a stable job and family life prior to becoming addicted to drugs.

{¶19} It is clear from the record that the trial judge considered all of the mitigating evidence presented by Jackson, including evidence that she was less likely to recidivate. The judge acknowledged at the sentencing hearing that Jackson had almost no criminal record and that she was a law-abiding, contributing member of society for a number of years. Although Jackson seemed to be progressing in drug treatment at the Talbert House, the judge still found that her drug addiction made her more likely to reoffend.

{¶20} The trial court imposed the maximum sentence of eight years for second-degree burglary on count six, and the maximum sentence of three years for all but one of the third-degree burglary counts. On count seven, the court imposed a sentence of two years, the shortest of any of the burglaries, despite the fact that Jackson's actions in regard to count seven were particularly egregious.

{¶21} The victims in count seven were friends of Jackson, and were targeted by Jackson while they were out of town for a dance team competition with Jackson's daughter. Jackson and her codefendants took over $60,000 worth of items, much of which the victims will have to pay for out of pocket, in addition to irreplaceable family heirlooms. The victims in count seven testified at the sentencing hearing about the psychological trauma the burglary has caused their family as a whole, and specifically the children.

{¶22} During the sentencing hearing, the prosecutor requested the maximum sentence, and said that ten years should be the absolute minimum sentence. In their statements to the court, the arresting officers requested the same— a maximum sentence, and ten years as the minimum acceptable sentence. In his victim-impact statement, the victim in count three (Jackson's uncle) said "the prosecuting attorney said it appeared that 10 years was possible." He requested three to five years. It appears as though a ten-year sentence was percolating well before the sentencing hearing even began.

{¶23} A sentence which was a foregone conclusion prior to the sentencing hearing would be contrary to law, as the trial court is required to consider certain information during the hearing before imposing a sentence. *See* R.C. 2929.19(A) and (B). But, without more evidence, this court cannot conclude by clear and convincing evidence that the ten-year sentence was a foregone conclusion.

{¶24} It is clear from the record that the trial court appropriately considered R.C. 2929.11 and 2929.12. Jackson has failed to show by clear and convincing evidence that the record does not support the individual sentences handed down for each count. Furthermore, Jackson's sentences for each count fell within the authorized sentencing ranges.

{¶25} Jackson also argues that her aggregate ten-year sentence is unconstitutionally excessive because it shocks the sense of justice in the community. Since we vacate the consecutive nature of the sentences due to the trial court's failure to make the required findings, we do not reach the question of whether her aggregate sentence shocks the sense of justice in the community.

*Consecutive Sentences*

{¶26} Despite making the mandatory consecutive sentencing findings in the sentencing entry, the trial court failed to make the mandatory findings during the sentencing hearing, and so we must vacate the consecutive nature of the sentences, and remand the cause for a new sentencing hearing on that issue.

{¶27} Imposition of consecutive sentences is proper only when the trial court makes the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporates its findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. But, the court is not obligated to state reasons to support its findings. *Id.* Also, no "talismanic incantation" is given to the words of R.C. 2929.14(C)(4). *Id.* As long as the appellate court can discern that the trial court engaged in the correct analysis and the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.* at ¶ 29.

{¶28} R.C. 2929.14(C)(4) requires the trial court to make three findings:
consecutive service is necessary to protect the public from future crime or to punish the offender *and* consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, *and* if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.)

{¶29} Regarding the third finding, subsection (b) is the only subsection potentially applicable to Jackson's case, and is the one the trial court included in its sentencing entry where it nearly quoted the language of subsection (b). The sentencing entry stated,

with respect to the imposition of consecutive sentences, the Court hereby finds that consecutive sentences are necessary to protect the public and to punish the Defendant, and are not disproportionate to seriousness of the Defendant's conduct and the danger the Defendant poses to the public.

Further, specifically, the Court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any

10

of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

{¶30} During Jackson's plea hearing the judge informed her that the sentences for the offenses she was pleading guilty to could be made to run consecutively to each other. During the sentencing hearing, the judge repeatedly noted the seriousness of Jackson's conduct and the danger she posed to the public. The judge highlighted the victim-impact statements, testimony of the victims, and police officer statements, which illustrated the great psychological and economic harm caused by Jackson. The judge indicated that he considered Jackson's crimes to be serious and life-changing for the victims. The judge highlighted Jackson's violation of the trust of her family and friends when she chose them as victims, and emphasized the damage done to the children of the families burglarized. The judge stated that he considered "the sentencing factors under 2929 of the Ohio Revised Code" in reaching his decision to impose consecutive sentences.

### First Finding

{¶31} We can discern from the record that the judge made the required first finding, that consecutive sentences were necessary to protect the public from Jackson, because the judge stated during the hearing that Jackson was a danger to the public.

### Second Finding

{¶32} In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 255, the Supreme Court remanded for resentencing where the trial court made explicit findings on the first and third R.C. 2929.14(C)(4) findings, but failed to make a finding on the second—proportionality. The trial court in *Beasley* satisfied

the first finding when it found that the sentence was necessary to protect the public. *Id.* at ¶ 254. The trial court also found that the offenses were committed while the defendant was awaiting trial, satisfying the third finding via subsection (a). *Id.* But, the trial court said nothing about the proportionality of the sentence. *Id.* at ¶ 255. The state argued that the Supreme Court could discern the trial court's views on proportionality from its other statements. *Id.* at ¶ 257. The Supreme Court found that doing so would "remove one of the separate statutorily required findings for consecutive sentences," and so declined to do so. *Id.*

{¶33} *Bonnell* and *Beasley* make it clear that a statement made by the trial court cannot be used to discern more than one of the required findings.

{¶34} In *State v. Petty*, 10th Dist. Franklin No. 15AP-950, 2017-Ohio-1062, the Tenth District decided a case very similar to Jackson's. The court found that even though the judge had included all of the required R.C. 2929.14(C)(4) findings in the judgment entry, his failure to make a finding on proportionality during the sentencing hearing required remand. *Id.* at ¶ 89. The language used by the judge allowed the court to discern that the sentence was necessary to protect the public and that the offense was committed while the defendant was out on bail, satisfying the first and third required findings. *Id.* at ¶ 93. But, the court could not discern whether the trial judge made the proportionality finding. *Id.* at ¶ 90.

{¶35} In Jackson's case, we cannot discern from the record that the trial judge made the proper finding with regards to the proportionality factor. The language employed by the trial court is very similar to that employed by the trial court in *Petty*. The court did not discuss proportionality, and the only way to discern proportionality would be from the other statements about harm and danger to the

public. Pursuant to *Bonnell*, *Beasley*, and *Petty*, the statements the trial court made about the danger Jackson poses to the public and the harm she was responsible for cannot be the sole bases used to discern proportionality. We cannot discern from the judge's statements during the sentencing hearing that he found that Jackson's sentence was not disproportionate to the seriousness of her conduct and the danger she posed to the public.

### Third Finding

{¶36} In imposing consecutive sentences on Jackson, the trial court was also required to make a finding under one of subsections (a) – (c) of R.C. 2929.14(C)(4). In its sentencing entry, the court found that subsection (b) applied—that the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that a single prison term for any of the offenses would be inadequate. But, it did not make this finding during the sentencing hearing.

{¶37} In *State v. C.G.*, 10th Dist. Franklin No. 14AP-1005, 2015-Ohio-3254, ¶ 46, the court discerned the third finding from the trial judge's statements that he would have sentenced the defendant to more years in prison if he had the option and "I feel that the factors of a continuous course of conduct were met here pursuant to Section b." *Id.* at ¶ 44.

{¶38} There are multiple other cases in which appellate courts were able to discern a finding under subsection (b) even though the trial court did not use the exact language of the statute. *See, e.g., State v. Tucker*, 9th Dist. Lorain Nos. 16CA010963 and 16CA010964, 2017-Ohio-4215, ¶ 14 (the trial court used a shortened version of the statutory text—"[a] single prison term would not adequately

reflect the seriousness of defendant's conduct."); *State v. Blanton*, 4th Dist. Adams No. 16CA1031, 2018-Ohio-1275, ¶ 100 (the trial court noted the great harm caused by defendant and similarly used a shortened version of text when it said that it was unaware of "any sentence that would adequately reflect the seriousness of this conduct.").

{¶39} The Ninth District, in *State v. Marcum*, 9th Dist. Wayne No. 16AP0084, 2017-Ohio-7655, ¶ 8, was unable to discern great or unusual harm where the trial court only discussed the principles of sentencing, the need to protect the public, the need to punish the defendant, and that the sentence be proportional to the harm.

{¶40} In *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 16, the trial judge discussed how the defendant committed multiple crimes and described the crimes as "heinous" and "terrible." The Eighth District stated, "we might even be able to stretch the trial court's statements that these crimes were heinous and happened on several occasions to equate to a finding under the third part of the three-tier test under R.C. 2929.14(C)(4)(b)." *Id.* at ¶ 16. But, the court ultimately found that the record did not support a finding that the harm was more egregious or unusual than the harm resulting from other similar multiple offenses. *Id.* at ¶ 21.

{¶41} Even though the *Johnson* court indicated that it might be possible, we are unable to discern from the record that the trial judge made the subsection (b) finding at the sentencing hearing. Cases from other districts, such as *Tucker, Blanton, Marcum*, and *C.G.*, show that while the trial court need not quote the

statute exactly, its statements must be substantially closer than those in Jackson's case.

{¶42} Unlike in *C.G.*, the trial judge in Jackson's case did not reference subsection (b) of R.C. 2929.14(C)(4), nor did he say that he would impose more time if able to. Unlike in *Tucker* and *Blanton*, the judge did not use a shortened form of the language of subsection (b). In fact, there is nothing in the trial court's statements during the sentencing hearing which tracks or paraphrases the language of subsection (b). Similar to *Marcum*, where the Ninth District was likewise unable to discern a finding under (b), the trial court here focused its discussion on the need to protect the public, the need to punish Jackson, and the harm caused by Jackson.

{¶43} The trial judge made written findings in the judgment entry which satisfy R.C. 2929.14(C)(4), but did not make the required findings during the sentencing hearing. We cannot discern from the record that the trial court properly considered the proportionality of the sentence, or that it made a finding under subsection (b) that the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that a single prison term for any of the offenses would be inadequate. Therefore, the trial court failed to make the second and third findings required by R.C. 2929.14(C)(4).

{¶44} Where the trial court fails to make a required finding at a sentencing hearing for consecutive sentences under R.C. 2929.14(C)(4), the error cannot be cured nunc pro tunc, and the proper remedy is remand for a new hearing. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 260.

### *Conclusion*

{¶45} We do not find the sentences for any individual count to be contrary to law or unsupported by the record. Nevertheless, we must sustain Jackson's sole assignment of error with regard to the imposition of consecutive sentences because the trial court's failure to make certain mandatory sentencing findings was contrary to law. Since the trial court failed to make the findings required by R.C. 2929.14(C)(4) during the sentencing hearing, we vacate the consecutive nature of the sentences, and remand for a new sentencing hearing on that issue only.

*Judgments affirmed in part, reversed in part, and cause remanded.*

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.