[Cite as *State v. Worlu*, 2020-Ohio-1469.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                :          APPEAL NO. C-180689
                                                         TRIAL NO.   B-1701728
    Plaintiff-Appellee,             :

                                                         *O P I N I O N.*

  vs.                                        :

TAMARA WORLU,                                 :

    Defendant-Appellant,            :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 15, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, L.L.C.*, and *John D. Hill,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Tamara Worlu was charged with felonious assault after hitting the victim in the face with a hammer, breaking his nose and leaving a three-inch gash above his eye. After considerable back and forth regarding her competence to stand trial, she was ultimately found to be competent, and pled guilty to and was convicted of one count of felonious assault.

{¶2} Worlu has appealed, arguing in two assignments of error that the trial court erred in accepting her guilty plea because it was not knowingly, voluntarily, or intelligently made, and that the court's imposition of a five-year prison sentence was not supported by the record and constitutes cruel and unusual punishment. For the reasons discussed below, we overrule Worlu's assignments of error, and affirm the judgment of the trial court.

### Factual Background

{¶3} After being arrested for felonious assault, Worlu was referred to the Court Clinic for a competency evaluation. The first competency report concluded that she was incompetent to stand trial. In June 2017, the trial court found Worlu incompetent to stand trial and referred her for treatment at Summit Behavioral Healthcare Center ("Summit").

{¶4} In September 2017, the court determined that Worlu had responded positively to treatment, found her competent, and released her on bond. She quickly picked up a new criminal charge. The trial court ordered a second competency evaluation. In October 2017, the Court Clinic issued a report concluding that Worlu was incompetent to stand trial. The trial court found Worlu incompetent, and referred her for treatment.

{¶5} Two months later, the court found Worlu to be restored to competency, and once again released her on bond. She was quickly arrested for violating a condition of her bond. The trial court ordered a third competency evaluation. In January 2018, the Court Clinic issued a report concluding that Worlu was incompetent to stand trial. The trial court agreed, and referred Worlu for treatment.

{¶6} Worlu received treatment until October 29, 2018, when Dr. Charles Lee of Summit issued a report concluding that Worlu was competent to stand trial. In that report, Dr. Lee wrote that during his evaluation of Worlu, she admitted to fabricating some of her hallucinations and lying during previous competency evaluations. On November 1, 2018, the trial court held a competency hearing at which it considered Dr. Lee's report, and found Worlu competent to stand trial. Worlu did not challenge this competency finding. On December 10, 2018, Worlu pled guilty to and was convicted of one count of felonious assault.

### *Guilty Plea*

{¶7} In her first assignment of error, Worlu argues that her guilty plea was not made knowingly, voluntarily, or intelligently, and so should not have been accepted by the trial court.

{¶8} Crim.R. 11(C) requires a trial court, before accepting a guilty plea, to address the defendant and verify that

> the plea is voluntary and entered with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty that may be imposed. In addition, the court must inform the defendant, and determine that the defendant understands, that by pleading guilty, the

defendant is waiving her or his constitutional rights (1) to a jury trial, (2) to confront witnesses against her or him, (3) to have compulsory process for obtaining witnesses, (4) to require the state to prove the defendant's guilt beyond a reasonable doubt, and (5) to the privilege against self-incrimination.

*State v. Giuggio,* 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5.

{¶9} An appellate court reviews the plea procedures to determine if the guilty plea was made knowingly, voluntarily, and intelligently. *State v. Carver*, 1st Dist. Hamilton No. C-180301, 2019-Ohio-3634, ¶ 20. If the trial court complied with its Crim.R. 11(C) obligations by fully explaining to the defendant the consequences of her plea, and there is nothing in the record indicating that the defendant's plea was not knowingly, voluntarily, or intelligently made, then the plea should be upheld. *See id.* at ¶ 26-27.

{¶10} Worlu concedes that the trial court complied with Crim.R. 11(C). However, she argues that her guilty plea was not made knowingly, voluntarily, and intelligently because her final competency evaluation was a "total aberration" and "entirely out of line with everything that was known about [her] to that point." Worlu argues that the court should not have accepted her guilty plea because she did not understand what was going on when she tendered her guilty plea. However, Worlu never challenged the trial court's November 1, 2018 competency determination below or on appeal. Therefore, we must accept the trial court's competency determination as proper and limit our review to the December 10, 2018 plea-hearing colloquy. We find that the trial court complied with Crim.R. 11(C) and that there is nothing in the record indicating that Worlu's guilty plea was not

knowingly, voluntarily, and intelligently made. The first assignment of error is overruled.

### *The Sentence*

{¶11}  In her second assignment of error, Worlu argues that her five-year prison sentence is not supported by the record, and violates the Eighth Amendment's prohibition against cruel and unusual punishment.

{¶12}  An appellate court may increase, reduce, otherwise modify, or vacate a sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

*State v. Jackson*, 1st Dist. Hamilton Nos. C-180245 and C-180246, 2019-Ohio-3299, ¶ 7; R.C. 2953.08(G)(2).

{¶13}  In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23, the Ohio Supreme Court noted:

> some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and

convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

{¶14} The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *State v. Weitbrecht*, 86 Ohio St.3d 368, 371-372, 715 N.E.2d 167 (1999). "Cases in which cruel and unusual punishments have been found, are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and must be "so greatly disproportionate to the offense as to shock the sense of justice in the community." (Citations omitted.) *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). Generally, a sentence that falls within the statutory range does not amount to cruel and unusual punishment. *State v. Williams*, 2017-Ohio-8898, 101 N.E.3d 547, ¶ 31 (1st Dist.), citing *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21.

{¶15} Worlu was sentenced to five years in prison, which is within the two-to-eight-year statutory range for felonious assault, a second-degree felony. *See* R.C. 2903.11(D)(1)(a) and 2929.14(A)(2)(a). Worlu does not argue that the court was required to make any mandatory findings. Nor does she contend that her sentence is contrary to law since the sentence is within the statutorily-permissible range. Rather, Worlu argues that her sentence is "grossly disproportionate to the seriousness of her conduct," and that the trial court's finding that "the felonious assault committed in this matter was more serious than is typical of such offenses" is not supported by the record.

{¶16} Worlu hit an unsuspecting stranger in the face with a hammer, breaking his nose and leaving a gash above his eye. The trial court considered the seriousness of Worlu's conduct, her mental-health issues, the reports issued by the Court Clinic and Summit, and the victim-impact statements. It concluded that Worlu was likely to recidivate due to her mental-health issues and her history of committing crimes while out on bond. Worlu has failed to show by clear and convincing evidence that her sentence is not supported by the record, or that it is grossly disproportionate to the crime such that it shocks the sense of justice in the community. The second assignment of error is overruled.

### *Conclusion*

{¶17} Worlu's assignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

ZAYAS, P.J., and MYERS, J., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.