[Cite as *State v. McKinney*, 2022-Ohio-849.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210276 |
|  |  | TRIAL NO. B-1903779 |
| Plaintiff-Appellee, | : |  |
|  |  |  |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| JULIUS MCKINNEY, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 18, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald Springman,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman,* Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Julius McKinney appeals the trial court's imposition of consecutive sentences. Because the defendant's criminal history supports the trial court's finding that consecutive sentences were necessary, we affirm the imposition of consecutive sentences.

## I. Facts and Procedure

{¶2} In May 2019, McKinney was speeding on Colerain Avenue in Cincinnati, Ohio, with David Coffman in the passenger seat. As McKinney accelerated to 88 m.p.h., he collided with an SUV driven by Vicki Noe. McKinney's car then ricocheted off Noe's SUV and veered into oncoming traffic, where he struck a car occupied by Richard and Lyneltea Ritzi. Coffman, Noe, and the Ritzis suffered serious, permanent injuries.

{¶3} Two years later, McKinney pleaded guilty to four counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b), all fourth-degree felonies.

{¶4} At the sentencing hearing, the court sentenced McKinney to four consecutive 15-month sentences, for a total of 60 months of incarceration. The court described the collision as "a road rage incident" that was "consistent with [McKinney's] prior conduct." The court reviewed McKinney's criminal history, which included countless license suspensions, seven convictions for driving with a suspended license, numerous speeding violations, and convictions for breaking and entering.

{¶5} The court informed McKinney that consecutive sentences were "necessary to protect the public and/or punish the defendant" and "not disproportionate to the seriousness of the conduct and the danger he poses to the public." Next, the court found that the offenses were committed in "one or more

2

courses of conduct" and that "no single prison term * * * would adequately reflect the seriousness of [McKinney's] conduct."

{¶6} Finally, the court found that McKinney's criminal history "shows a need to protect the public. There is one incident after another of just driving, you know, just thumbing your nose at the traffic laws. And that all culminated in this incident. The fact that you got away with this so many times, and finally it added up and you ended up hurting some people very, very severely."

{¶7} In its sentencing entry, the court repeated the need to protect the public and punish McKinney. In addition, the court found that:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct.
>
> * * *
>
> The defendant's criminal history shows a need to protect the public from future crime by the defendant.

{¶8} McKinney appeals.

## II. Law and Analysis

{¶9} In his sole assignment of error, McKinney challenges the sentencing court's imposition of consecutive sentences. McKinney acknowledges that he did not object to the imposition of consecutive sentences at the sentencing hearing, and therefore, has forfeited all but plain error. *State v. White,* 1st Dist. Hamilton No. C-190589, 2021-Ohio-1644, ¶ 54, quoting *State v. Hessler*, 90 Ohio St.3d 108, 121, 734

N.E.2d 1237 (2000); *see* Crim.R. 52(B). A trial court commits plain error if 1.) an error occurred, 2.) the error was plain and obvious, and 3.) the error affected the outcome of the trial. *White* at ¶ 54, citing *State v. Hayes*, 2020-Ohio-5322, 162 N.E.3d 947, ¶ 41 (1st Dist.).

{¶10} An appellate court reviews a trial court's imposition of consecutive sentences under R.C. 2953.08(G)(2)'s standard. We must "clearly and convincingly" find that 1.) "the record does not support the sentencing court's findings" that consecutive sentences were necessary under R.C. 2929.14(C)(4); or 2.) "the sentence is contrary to law." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 4. A sentence is contrary to law when it is "in violation of statute or legal regulations at a given time." *State v. Jones,* 162 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, citing *Black's Law Dictionary* 328 (6th Ed.1990).

{¶11} Ordinarily, multiple offenses are presumed to run concurrently unless the trial court makes the necessary findings under R.C. 2929.14(C)(4). First, the court must find that consecutive terms are necessary to protect the public or punish the defendant. R.C. 2929.14(C)(4). Then, the court must find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct or the danger posed to the public. *Id.*

{¶12} Finally, the court must find that one of three aggravating factors in R.C. 2929.14(C)(4)(a)-(c) is present. *State v. Bronson*, 1st Dist. Hamilton No. C-200151, 2021-Ohio-838, ¶ 7, citing *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 205. The court must find that:

1.) the offenses were committed by the defendant while awaiting trial or sentencing, under community control, or under post-release control. R.C. 2929.14(C)(4)(a);

2.) "two of the multiple offenses were committed as part of one or more courses of conduct" and the harm was so great or unusual as to require consecutive sentences. R.C. 2929.14(C)(4)(b); or

3.) the defendant's "history of criminal conduct demonstrates" a need to protect the public from future crime. R.C. 2929.14(C)(4)(c).

{¶13} While these statutory findings must be made at a sentencing hearing and incorporated into a sentencing entry, "[t]he trial court need not recite the findings verbatim." *State v. Pettus*, 1st Dist. Hamilton No. C-170712, 2019-Ohio-2023, ¶ 65, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Rather, this court "must be able to discern from the record that the court engaged in the requisite analysis and determine that the record contains evidence to support the findings." *Pettus* at ¶ 65, citing *Bonnell* at ¶ 29.

{¶14} The trial court found that consecutive sentences were necessary to protect the public and punish the defendant, and were not disproportionate to the seriousness of the defendant's conduct and the danger posed to the public. Next, the trial court found consecutive sentences were necessary as the offenses were committed in one or more courses of conduct and because McKinney's criminal history demonstrated a need to protect the public.

{¶15} McKinney challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4)(b) and 2929.14(C)(4)(c). First, he contends that the record does not support the trial court's finding that the offenses in question were committed in a course of conduct pursuant to R.C. 2929.14(C)(4)(b). Second, while McKinney concedes that he has a criminal history, he argues that his record contains no incidents of road rage to implicate R.C. 2929.14(C)(4)(c).

5

{¶16} At the sentencing hearing, the court found the 2019 collision "consistent with [McKinney's] prior conduct." The court recounted McKinney's criminal history, which included copious license suspensions, numerous citations for speeding, numerous citations for driving under a suspended license, and convictions for possessing criminal tools, drug possession, and breaking and entering. These findings support the trial court's conclusion that McKinney's criminal history shows a need to protect the public. *See State v. Marshall*, 1st Dist. Hamilton Nos. C-190748 and C-190758, 2021-Ohio-816, ¶ 49 ("As long as we can discern that the trial court engaged in the correct analysis and the record contains evidence to support the findings, consecutive sentences will be upheld."). In light of McKinney's history, we cannot say that the imposition of consecutive sentences was clearly and convincingly unsupported by the record. *See* R.C. 2953.08(G)(2).

{¶17} Because the sentencing court made the necessary findings under R.C. 2929.14(C)(4)(c) to impose consecutive sentences, it is not necessary for this court to determine whether McKinney's offenses were committed as part of one or more courses of conduct under R.C. 2929.14(C)(4)(b).

## III.   Conclusion

{¶18} The trial court did not err when it imposed consecutive sentences for multiple counts of vehicular assault and we overrule the single assignment of error. The trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.