[Cite as *State v. Galinari*, 2022-Ohio-2559.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                 :        APPEAL NO. C-210149
                                            TRIAL NO. B-1802762

      Plaintiff-Appellee,       :

   vs.                                 :

                                             *O P I N I O N.*

DEVIN GALINARI,            :

      Defendant-Appellant.     :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 27, 2022


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ron Springman,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**BOCK, Judge.**

{**¶1**}    Defendant-appellant Devin Galinari challenges the trial court's imposition of consecutive sentences and maintains that the trial court failed to make a finding of proportionality as required by R.C. 2929.14(C)(4). We disagree and affirm the trial court's judgment.

## I.    Facts and Procedure

{**¶2**}    In the midst of a mental-health crisis, Galinari used an aluminum bat to damage the windows of a church and car windshields in a nearby dealership parking lot. Galinari carried the bat to a Steak 'n Shake and chased three teenagers through the restaurant. He struck one of the teenagers in the abdomen before they were able to lock themselves in a small storage room. The restaurant manager, Ronald Bradley, attempted to intervene. Galinari struck Bradley in the head repeatedly, causing severe head trauma.

{**¶3**}    Galinari was arrested and charged with multiple counts of felonious assault and vandalism, and one count of attempted murder. Initially, the trial court found Galinari incompetent to stand trial. After he was "restored to competency," he pleaded guilty to two counts of felonious assault in violation of R.C. 2903.11, and two counts of vandalism in violation of R.C. 2909.05.

{**¶4**}    At the sentencing hearing, the court acknowledged Galinari's history of mental-health and addiction issues, his inability to make choices, and the need to both punish Galinari and protect the public. Beginning with the two vandalism counts, the court imposed two 12-month concurrent sentences. For the two felonious-assault counts, the court imposed two six-year sentences. The two six-year sentences were imposed consecutive to each other and the two concurrent 12-month sentences. All told, the court imposed an aggregate 13-year term of incarceration.

{¶5} At the hearing, the sentencing court informed Galinari that "consecutive sentences are necessary to protect the public or punish the offender and not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." Next, the court told Galinari that "the harm caused by two or more of the offenses was so great or unusual that no single prison term for any offense committed as part of one or more courses of conduct would adequately reflect the seriousness of the offender's conduct."

{¶6} In its sentencing entry, the court repeated its imposition of an aggregate 13-year term of incarceration comprised of two concurrent 12-month sentences consecutive to two consecutive six-year sentences. Next, the trial court found that consecutive sentences

ARE NECESSARY TO PROTECT [THE] PUBLIC AND TO PUNISH THE DEFENDANT, AND ARE NOT DISPROPORTIONATE TO SERIOUSNESS OF THE DEFENDANT'S CONDUCT AND THE DANGER THE DEFENDANT POSES TO THE PUBLIC. FURTHER, SPECIFICALLY, THE COURT FINDS THAT AT LEAST TWO OF THE MULTIPLE OFFENSES WERE COMMITTED AS PART OF ONE OR MORE COURSES OF CONDUCT, AND THE HARM CAUSED BY TWO OR MORE OF THE MULTIPLE OFFENSES SO COMMITTED WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR ANY OF THE OFFENSES COMMITTED AS PART OF ANY OF THE COURSES OF CONDUCT ADEQUATELY REFLECTS THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT.

{¶7} Galinari appeals and challenges the imposition of consecutive sentences in a single assignment of error.

3

## II.  Law and Analysis

**{¶8}**  Appellate review of consecutive sentences is governed by R.C. 2953.08(G)(2).  *See State v. Marshall*, 1st Dist. Hamilton Nos. C-190748 and C-190758, 2021-Ohio-816, ¶ 48, citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16. This court may modify or vacate a trial court's decision to impose consecutive sentences if we clearly and convincingly find that "the record does not support the sentencing court's findings" under R.C. 2929.14 or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

**{¶9}**  In Ohio, there is a statutory presumption of concurrent sentences for defendants convicted of multiple offenses. *State v. McKinney*, 1st Dist. Hamilton No. C-210276, 2022-Ohio-849, ¶ 11. To overcome that presumption, a sentencing court must make the "mandatory sentencing findings" prescribed by R.C. 2929.14(C)(4). *Id.; see State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23. The court must articulate these statutory findings at the time it imposes the sentences. *Bonnell* at ¶ 26. This "affords notice to the offender and to defense counsel." *Id.* at ¶ 29, citing Crim.R. 32(A)(4). The court must incorporate these findings into a journal entry. *Id.* at ¶ 37.

**{¶10}** But the court is not obligated to state its reasoning for imposing consecutive sentences. *Id.* at ¶ 27. Instead, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4)." *Id.* at ¶ 28. Absent this requirement, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A).

{¶11} R.C. 2929.14(C)(4) demands three separate findings by the trial court—necessity, proportionality, and offender- or offense-specific findings. *See* R.C. 2929.14(C)(4) and 2929.14(C)(4)(a). Galinari limits the scope of his appeal to the proportionality finding required by the statute.

{¶12} Relevant here, R.C. 2929.14(C)(4) requires the trial court to find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." After all, criminal sentences, like all punishments, must comport with the " 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " *Graham v. Florida*, 560 U.S. 48, 59, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

{¶13} Without an "explicit finding that consecutive sentences are not disproportionate," the sentence must be vacated and remanded for resentencing. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 255 and 262. The record must contain an intelligible proportionality finding, because "a statement made by the trial court cannot be used to discern more than one of the required findings." *State v. Jackson,* 1st Dist. Hamilton Nos. C-180245 and C-180246, 2019-Ohio-3299, ¶ 33. Doing so "removes one of the separate statutorily required findings for consecutive sentences." *Beasley* at ¶ 257.

{¶14} In *Beasley,* the trial court stated at the sentencing hearing and in its sentencing entry that "the offenses were committed either while you were at large or awaiting trial and that consecutive sentences are necessary to protect the public." *Id.* at ¶ 254. There was "nothing in these statements to indicate that the court made a finding on proportionality." *Id.* at ¶ 259. This was insufficient in light of *Bonnell,* necessitating resentencing. *Id.* at ¶ 260 and 262.

**{¶15}** At the sentencing hearing in *Jackson,* the trial court "noted the seriousness of Jackson's conduct and the danger she posed to the public," and "stated that he considered 'the sentencing factors under 2929 of the Ohio Revised Code.'" *Jackson* at ¶ 33. We said that "[t]he court did not discuss proportionality, and the only way to discern proportionality would be from the other statements about harm and danger to the public." *Id.* at ¶ 35. But those "statements cannot be the sole bases used to discern proportionality." *Id.* Therefore, we vacated the imposition of consecutive sentences and remanded for resentencing. *Id.* at ¶ 45.

**{¶16}** Galinari maintains that the trial court failed to make the findings required by the statute—that consecutive sentences were not disproportionate to the serious nature of the offenses and the danger to the public. *See* R.C. 2929.14(C)(4). Galinari analogizes the trial court's sentencing colloquy and sentencing entry to *Beasley* and *Jackson*.

**{¶17}** But his reliance on *Beasley* and *Jackson* is misplaced. Unlike the courts in *Beasley* and *Jackson,* the trial court explicitly addressed proportionality at the sentencing hearing and in its entry. While R.C. 2929.14(C)(4) requires neither a rigid form of statutory findings nor "talismanic incantation," the trial court repeated the language of the statute when making its findings. *See Jackson*, 1st Dist. Hamilton Nos. C-180245 and C-180246, 2019-Ohio-3299, at ¶ 27.

**{¶18}** At the sentencing hearing, the court found that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." Likewise, its subsequent judgment entry states that consecutive sentences "ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT AND THE DANGER THE DEFENDANT POSES TO THE PUBLIC."

6

**{¶19}** These findings satisfied the proportionality requirements of R.C. 2929.14(C)(4). Therefore, we overrule Galinari's assignment of error.

### III.    Conclusion

**{¶20}**   The trial court made the statutory finding of proportionality required by R.C. 2929.14(C)(4) during the sentencing hearing and in its sentencing entry. As a result, we overrule Galinari's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.