[Cite as *State v. Johnson*, 2016-Ohio-1536.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 102449

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DE'ANGELO JOHNSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586338-A

**BEFORE:** Boyle, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Andrew J. Santoli
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, De'Angelo Johnson, appeals his sentence. He raises one assignment of error for our review:

> The trial court erred by imposing consecutive sentences that are contrary to law and not supported by the record.

{¶2} After review, we find merit to his argument, reverse the judgment of the trial court, and modify his sentence from 50 years to life in prison to 25 years to life in prison.

## I. Procedural History and Factual Background

{¶3} In June 2014, Johnson was indicted on 13 counts of rape and kidnapping. The rape charges contained a furthermore clause that Johnson purposefully compelled the victims, who were under the age of ten years old (ages three and five at the time of the offenses), to submit by force or threat of force, and carried notice of prior conviction, repeat violent offender, and sexually violent predator specifications. The kidnapping charges carried the same specifications, as well as a sexual motivation specification.

{¶4} According to the police report, the mother of the two children called police after she found the younger child under a blanket in the living room with Johnson. When the mother pulled the blanket off, the child was asleep but her "pants and underwear" were pulled down to her ankles. Johnson was in his boxer shorts "with his penis out." The child told police that Johnson "kissed and licked her vagina" with his mouth. According to the state at the sentencing hearing, during the pendency of children

services' investigation into Johnson's sexual abuse of the three-year-old, it was discovered that the five-year-old had also been sexually abused by Johnson on multiple occasions.

{¶5} In July 2014, Johnson withdrew his former plea of not guilty and pleaded guilty to an amended indictment of two counts of rape (one for each victim) in violation of R.C. 2907.02(A)(1)(b), with the notice of prior conviction and repeat violent offender specifications, and one count of kidnapping in violation of R.C. 2905.01(A)(4), with the notice of prior conviction, repeat violent offender, and sexual motivation specifications. The sexually violent predator specifications were deleted, and the remaining ten counts were nolled.

{¶6} At the sentencing hearing, the trial court merged one of the rape counts with the kidnapping count. The state elected to proceed on the rape count. The trial court sentenced Johnson to 25 years to life in prison for each rape count and ordered that they be served consecutive to each other, for a total of 50 years to life in prison. The trial court also notified Johnson that he was classified as a Tier III sex offender. It is from this judgment that Johnson appeals.

## II. Consecutive Sentences

{¶7} There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527,

¶ 16.   Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4).   *See* R.C. 2953.08(G)(2)(a); *Nia*.   Johnson raises both arguments in this appeal.

{¶8}   The state counters that the trial court made the proper findings, but it does not offer any argument as to why the record supports the trial court's findings.

{¶9}   R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."   Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶10} R.C. 2929.14(C)(4) requires trial courts to engage in a three-tier analysis in order to impose consecutive sentences.   First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.*   Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.*   Finally, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of

conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

**{¶11}** In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). But "a word-for-word recitation of the language" of the statute is not required. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶12}** At the sentencing hearing, the trial court heard first from defense counsel. Defense counsel explained that Johnson's mother is a crack addict. Johnson's father is a police officer in Washington D.C., but defense counsel said that Johnson has had very little contact with his father. Defense counsel explained that Johnson began using marijuana at age eight, and alcohol and other drugs soon after that. Defense counsel further explained that Johnson has a borderline IQ with respect to his "functionality of learning things." Defense counsel stated that according to the police report, Johnson was "in a highly intoxicated state" when he was arrested right after the mother of the children found him with the younger child, and that he was in a "total blackout." Defense counsel said that Johnson does not remember what happened. Defense counsel acknowledged Johnson's prior criminal history, but said that Johnson had never really

spent much time in jail or prison for the past offenses. Defense counsel also explained that there had been a chemical dependency issue underlying his past charges.

{¶13} The victims' mother and grandmother spoke to the court. The victims' mother is Johnson's cousin; the victims' grandmother is Johnson's aunt. The victims' mother and grandmother expressed how much they were hurt by Johnson's actions, but also expressed that they still loved Johnson and wanted him to get help.

{¶14} The prosecutor discussed the ages of the victims, how the mother discovered the sexual abuse of the three-year-old, and how children services discovered the abuse of the five-year-old. The prosecutor stated that although the police report indicated that Johnson was "highly intoxicated" when the mother discovered Johnson with the three-year-old, there is no evidence that Johnson was actually intoxicated during the other times of abuse. The prosecutor then discussed the trial court's sentencing options.

{¶15} Johnson apologized for his actions, saying he felt "horrible." Johnson said that his legs were shaking, and that he had never hurt anyone like this in the past.

{¶16} The court indicated that it felt the agony the family was experiencing. The court then stated:

> They [the family] have come to terms with it, which means that they're a healthy family. They're good.
>
> But I, on the other hand, have the charge of looking at you, and looking [at] what's been done. And, you know, this is heinous. This is terrible.
>
> And the court is going to do as follows. Relative to Counts 1 and 9, 25 years to life. And because of the nature of this offense, the age of the victims, this court has to run these things consecutively. This is in order to protect the public.

This apparently happened on several occasions with you. And, even though you were drunk and maybe you went into a blackout period, you voluntarily got yourself intoxicated. So the only way the court can protect the public is by running these consecutive.

{¶17} With regard to the first part of the three-tiered test, the trial court made the finding under R.C. 2929.14(C)(4) that "consecutive service is necessary to protect the public from future crime or to punish the offender." We might even be able to stretch the trial court's statements that these crimes were heinous and happened on several occasions to equate to a finding under the third part of the three-tier test under R.C. 2929.14(C)(4)(b) that

> [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

But it would be difficult to discern from the trial court's statements that it made the required finding under the second part of the three-tier test that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶18} Further, even if we could agree with the state that we could stretch the trial court's statements to say that they satisfied all of the required findings under R.C. 2929.14(C)(4), we cannot say that the record supports the second- or third-tier findings that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that the harm caused by

the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Johnson's conduct.[1]

{¶19} With regard to the second-tier finding that "consecutive sentences are not disproportionate to the seriousness" of Johnson's conduct and to the danger he poses to the public, the state argues that the following statements made by the trial court support this finding: (1) "this is heinous" and "this is terrible," (2) because of the "nature of the offense" and the "age of the victims, * * * this court has to run these things consecutively," and (3) the fact that Johnson was voluntarily intoxicated, the court found that it was necessary to protect the public and run these consecutively.

{¶20} First, the fact that Johnson was voluntarily intoxicated does not support either that consecutive sentences are not disproportionate to the seriousness of Johnson's conduct or that consecutive sentences are not disproportionate to the danger he posed to the public. And while we agree that the acts were "heinous" and "terrible," they were so because of the "nature of the offense" and "age of the victims." But these facts — the nature of the offense and age of the victims — "are inherent in, and characteristic of, the

---

[1]We note that the trial court did place three consecutive sentence findings in the sentencing entry. But for the required second-tier finding, it stated that consecutive sentences "are not disproportionate to similar crimes committed by similar defendants." This finding has nothing to do with the findings a trial court must make before imposing consecutive sentences; it has to do with R.C. 2929.11. In other words, finding that "consecutive sentences are not disproportionate to similar crimes committed by similar offenders" does not equate to finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

offenses for which [Johnson] was convicted." *State v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶ 36. In every case of forcible rape of a child under ten years old, the nature of the offense and age of the victim make the offense "heinous" and "terrible." That is why the legislature has mandated that an offender who commits such a crime must spend an indefinite term of 25 years to life in prison. But these facts say nothing more to support the finding that "consecutive sentences are not disproportionate to the seriousness" of Johnson's conduct and to the danger he poses to the public.

{¶21} Further, with respect to the third-tier finding — that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Johnson's conduct — the "focus of this factor is the 'so great or unusual' finding required to distinguish this offense from other identical offenses, and how this offense was part of a 'course of conduct,' which elevates the seriousness of the crime and the need for greater punishment." *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 18. As the Second District explained in *Kay*, "[e]ven when one of the offenses is a conviction for murder, this factor still requires a finding that the course of conduct surrounding all the multiple offenses resulted in harm more egregious or unusual than the harm resulting from other similar multiple offenses." *Id.* In this case, the record does not support this finding. There is nothing in the record to indicate that the offenses in this case were "so great or unusual" from another identical offense, or that the "course of conduct" elevated the seriousness of the crimes. Johnson was convicted

of two counts of rape of a child under ten years old. Again, a heinous offense. But again, that is how the offense is defined, i.e., the elements of the offense. There is nothing, however, about the facts of this case that resulted in harm more egregious or unusual than the harm resulting from other similar multiple offenses.

{¶22} In *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio- 3177, 16 N.E.3d 659, the Ohio Supreme Court reiterated the fact that, although a trial court has no obligation to recite the language of R.C. 2929.14(C)(4) word-for-word before imposing consecutive sentences, or state its reasons to support its findings, all of the findings required by the statute must nonetheless be made and supported by the record. The court noted that "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29.

{¶23} Further, R.C. 2953.08(G)(2)(a) directs an appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." This is such a case.

{¶24} Without minimizing what Johnson did in this case, as we agree it was heinous and terrible, Johnson's conduct does not reflect such a seriousness and danger to the public that 50 years to life in prison is necessary to protect the public from him. Johnson does have a prior criminal history, dating back to 2001 when he was a juvenile.

The only felony that he was convicted of was a second-degree felony robbery in 2007 (the offense that satisfied the notice of prior conviction specification in the present case). Johnson was sentenced to two years of community control for that robbery conviction. Johnson's remaining convictions were all misdemeanors. Moreover, Johnson had no prior sexually related offenses, as either a juvenile or an adult.

{¶25} Keeping in mind that the trial court is tasked with balancing the need to protect the public, using the minimum sanctions that accomplishes the overriding purposes of felony sentencing and without imposing an unnecessary burden on state or local governmental resources, the record in this case does not support the trial court's imposition of consecutive sentences for Johnson.

{¶26} We note that while the legislature has determined that offenders who forcibly rape a child under ten years old deserve a prison sentence of 25 years to life in prison, there are circumstances where it has prescribed a sentence for rape of life in prison without parole. *See* R.C. 2907.02 and 2971.03. In this case, Johnson was 27 years old at the time of the offenses. Sentencing him to consecutive prison terms of 25 years to life in prison means that he would not have the possibility to get out of prison until he is 77 years old. This is essentially a life sentence for Johnson. By modifying Johnson's prison term to concurrent terms of 25 years to life in prison, Johnson must still spend a minimum of 25 years in prison — a significant amount of time. Then, after 25 years, the parole board can determine if Johnson should remain in prison or be released back into society.

**{¶27}** Johnson's sole assignment of error is sustained.

**{¶28}** On the authority contained in Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.08(G)(2)(b), we modify Johnson's consecutive prison sentence of 50 years to life in prison to a concurrent term of 25 years to life in prison. This modification does not alter Johnson's Tier III sex offender classification.

**{¶29}** Judgment reversed and remanded for the trial court to issue a new judgment entry reflecting the sentence modification to concurrent prison terms of 25 years to life in prison.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR