[Cite as *State v. Bellomy*, 2020-Ohio-6690.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00001 |
| FREDERICK BELLOMY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Fairfield County
Court of Common Pleas, Case No.
2019CR191

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 14, 2020

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KYLE WITT                            JAMES A. ANZELMO
Fairfield County Prosecutor            446 Howland Drive
239 West Main Street                  Gahanna, OH 43230
Lancaster,, OH 43130

*Gwin, P.J.*

{¶1} Appellant, Frederick Bellomy ["Bellomy"], appeals from the December 2, 2019 Judgment Entry of the Fairfield County Court of Common Pleas imposing consecutive sentences after a negotiated guilty plea.

*Facts and Procedural History*

{¶2} Bellomy was indicted by the Fairfield County Grand Jury on April 10, 2019 on one count of Rape, a felony of the first degree, in violation of R.C. 2907.02 and one count of Importuning, a felony of the third degree, in violation of R.C. 2907.07. A superseding indictment was filed on August 29, 2019 that included the original counts of Rape and Importuning and added an additional count of Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12. The Rape count relates to a minor relative victim of Bellomy, C.M., and the Importuning count relates to a different minor relative, A.M.

{¶3} Bellomy entered a plea to the counts of Rape and Importuning on October 23, 2019. The count of Tampering with Evidence was dismissed at that time. The trial court during the plea colloquy informed Bellomy,

> On Count One, the State is asking, from what I'm getting, 11 years. You and your counsel are hoping for 10. You're hoping that Count Two runs concurrent with Count One. The state is hoping that Count Two runs consecutive with Count One. Sounds like the State wants the full 36 months on Count Two. You're hoping for concurrent penalty, which means that you're hoping that the total sentence will be 10 years.

Change of Plea hearing, October 23, 2019 at 11-12.

{¶4} On November 20, 2019, a sentencing hearing was held. At that hearing the mother and stepfather of the two victims, C.M. and A.M., gave statements as to the impact that the Rape and Importuning offenses had on each of the children. Bellomy's attorney noted that he had confessed to the crimes. Sent. T. Nov. 20, 2019 at 12-13. Counsel further referred to a report from Dr. Smith that indicated as a child and teenager, Bellamy was repeatedly molested by different perpetrators. Sent. T. Nov. 20, 2019 at 23. The molestation was "particularly destructive" to Bellomy, according to the psychiatrist who examined him. Id. Bellomy's mother also spoke at the sentencing hearing.

{¶5} Having heard the arguments of the State of Ohio and Bellomy's counsel, as well as the statements of the victims' family members, and, having reviewed the pre-sentence investigation report, the trial court sentenced Bellomy to serve consecutive sentences of eleven years on the count of Rape and three years on the count of Importuning for a total sentence of fourteen years.

*Assignment of Error*

{¶6} Bellomy raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT UNLAWFULLY ORDERED BELLOMY TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

*Law and Analysis*

{¶8}    In his first assignment of error, Bellomy argues that the Court should vacate the trial court's decision to impose consecutive sentences because the record does not support the imposition of consecutive sentences. [Appellant's Brief at 4].

*Law and Analysis*

**Standard of Appellate Review.**

{¶9}    We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22*; State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31.

{¶10}  In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while   R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶16-18; *State v. Anthony,* 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶60.

{¶11}  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under  R.C. 2929.13(B)  or  (D),   2929.14(B)(2)(e) or  (C)(4),  or  2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28; *State v. Gwynne,* ¶16.

{¶12}  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the

syllabus.　*See* also, *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985).　"Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."　*Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶13}　As the Ohio Supreme Court noted in *Gwynne*,

> Because　R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under　R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended　R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences.　*See State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7 ("We primarily seek to determine legislative intent from the plain language of a statute").
>
> While R.C. 2953.08(G)(2)(a) clearly applies to consecutive-sentencing review, R.C. 2929.11 and 2929.12 both clearly apply only to *individual* sentences.

158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶¶16-17(emphasis in original).

{¶14}　"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]"　*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.　Otherwise, the imposition of consecutive sentences is contrary to law.　*See* Id.　The trial court is not required "to give a talismanic incantation of

the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." Id.

**ISSUE FOR APPEAL.**

*A. Whether the trial court properly imposed consecutive sentences in Bellomy's case.*

**R.C. 2929.14 (C)(4) Consecutive Sentences.**

{¶15} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶16} R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates

that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶18} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶19} In the case at bar, the trial court made this finding on the record and in its sentencing entry. Sent. T., Nov. 20, 2019 at 39-45; *Sentencing Entry*, filed Dec. 2, 2019 at 3.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶20} This factor does not apply in Bellomy's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part**

**of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶21} The Court made no findings concerning this factor in Bellomy's case.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶22} In the case at bar, the trial court made this finding on the record and in its sentencing entry. Sent. T., Nov. 20, 2019 at 39-45; *Sentencing Entry*, filed Dec. 2, 2019 at 3.

> *B. Whether the trial court's decision to impose consecutive sentences in Bellomy's case is supported by the record.*

{¶23}  According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences."  *Bonnell*, ¶28.  "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  Id. at ¶29.

{¶24} The plurality of the Ohio Supreme Court in *Gwynne* held that appellate courts may not review consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12.  *See* 2019-Ohio- 4761, ¶18.

{¶25} In the case at bar, the trial court heard from the parents of the victims, heard from the witnesses presented by Bellomy, heard arguments from the state and defense counsel and reviewed the presentence investigation report before imposing a sentence.

{¶26} In the case at bar, the record supports that the harm caused to the victims was "more serious" because of the age of the victims [2929.12(B)(1)]. The offense was also more serious because Bellomy used his relationship with the victim to facilitate the offenses. [2929.12(B)(6)]. Additionally, there were two separate victims in Bellomy's case. None of the factors set forth in 2929.12(C) are applicable to render the offenses "less serious."

{¶27} Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio- 157, ¶8. Bellomy has failed in this burden.

{¶28} Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶29} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code

and advised Bellomy regarding post-release control. While Bellomy may disagree with the weight given to these factors by the trial judge, Bellomy's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law.

{¶30} Bellomy has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the sentence is otherwise contrary to law.

{¶31} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶32} Bellomy's sole Assignment of Error is overruled.

{¶33} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur