[Cite as *State v. Davis*, 2021-Ohio-64.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109211 |
| v. | : | |
| AONORICO R. DAVIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 14, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638692-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, Aonorico R. Davis ("Davis"), appeals his consecutive sentences. Because we find that the record clearly and convincingly

supports the trial court's findings in support of the imposition of consecutive sentences, we affirm the decision of the trial court.

**Procedural History**

{¶ 2}  On April 23, 2019, a Cuyahoga County Grand Jury indicted Davis in an 11-count indictment arising out of the repeated sexual assaults of his girlfriend's daughter, K.E.  The abuse began when K.E. was 13 years old and continued until she was 18 years old.

{¶ 3}  The indictment included the following counts:

Count 1, rape, a first-degree felony in violation of R.C. 2907.02(A)(2);

Count 2, sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5);

Count 3, disseminating matter harmful to juveniles, a fifth-degree felony in violation of R.C. 2907.31(A)(1);

Counts 1 through 3 were alleged to have occurred between June 1, 2011, and August 31, 2012.

Count 4, rape, a first-degree felony in violation of R.C. 2907.02(A)(2);

Count 5, sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5);

Count 6, rape, a first-degree felony in violation of R.C. 2907.02(A)(2);

Count 7, sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5);

Counts 4 through 7 involved two separate incidents alleged to have occurred between June 15, 2011, and September 15, 2012.

Count 8, rape, a first-degree felony in violation of R.C. 2907.02(A)(2);

Count 9, sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5);

Counts 8 and 9 were alleged to have occurred between August 1, 2011, and August 31, 2012.

Count 10, rape, a first-degree felony in violation of R.C. 2907.02(A)(2);

Count 11, sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5);

Counts 10 and 11 were alleged to have occurred between January 13, 2016 and May 30, 2016.

{¶ 4} After full exchange of discovery, on September 19, 2019, Davis entered pleas of guilty as follows: Count 1, rape; Count 3, disseminating matter harmful to juveniles; Count 4, rape; Count 7, sexual battery; Count 9, sexual battery; and Count 11, sexual battery.

{¶ 5} In exchange for those pleas of guilty, the state dismissed Counts 2, 5, 6, 8, and 10.

**The Sentencing Hearing**

{¶ 6} On October 23, 2019, the trial court conducted a sentencing hearing for Davis. The court indicated that it reviewed two documents submitted on behalf of Davis: a mitigation report prepared by the Court Psychiatric Clinic and the presentence investigation report.

{¶ 7} Defense counsel addressed the court and argued for a lesser sentence because Davis was remorseful for his conduct, did not have a criminal history, and has a history of mental illness.

{¶ 8} Davis also addressed the trial court. He expressed remorse for his actions, and stated that he has apologized to K.E. every opportunity he has had.

{¶ 9} The state addressed the court and informed the court that K.E. was at the hearing but did not feel comfortable addressing the court with Davis present. The state relayed that K.E. has difficulty trusting men and that, because Davis was romantically involved with her mother during the course of the abuse, K.E.'s relationship with her mother has been damaged. K.E.'s mother asked that the state read a statement on her behalf. In her statement, she emphasized how traumatized K.E. was by the abuse and that Davis had turned their home into a place of fear for her daughter.

{¶ 10} Following these statements, the court made clear the seriousness of Davis's conduct and the risk he posed to society. The court stated that K.E.'s first sexual encounter was traumatic and that the defendant took advantage of his relationship with K.E.'s mother. The court noted that Davis was 37 years old and that K.E. was 13 years old during the first rape offense.

{¶ 11} The court then sentenced Davis to: ten years in prison on Count 1, rape; ten years in prison on Count 4, rape; five years in prison on Count 7, sexual battery. Counts 1, 4, and 7 are to run consecutively to each other. The trial court also sentenced Davis to: nine months in prison on Count 3, disseminating matter harmful to juveniles; five years in prison on Count 9, sexual battery; and five years in prison on Count 11, sexual battery. Counts 3, 9, and 11 are to run concurrently to each other and to Counts 1, 4, and 7. As a result, Davis was sentenced to an aggregate sentence of 25 years. The trial court imposed five years of postrelease control pursuant to R.C. 2967.131(B).

{¶ 12} In finding that consecutive sentences were necessary, the court stated that Davis has a "long sexual life" ahead of him and that the sentences were made consecutive in order to protect the public from potential future sex crimes. Further, in finding that 25 years was not disproportionate to the seriousness of the conduct, the court stated that Davis had continued this activity for more than a year and that his offenses were "obviously committed * * * as part of one or more courses of conduct."

{¶ 13} Davis appeals the imposition of consecutive sentences and presents a single assignment of error for our review.

**Assignment of Error**

> The trial court's consecutive sentencing of Mr. Davis was clearly and convincingly not supported by the record where Mr. Davis was a first-time criminal offender sentenced at the age of 44 with no other convictions of any kind, nor any indication in the record that he was a risk to re-offend.

{¶ 14} Davis is challenging the imposition of consecutive sentences on the grounds that the record does not support consecutives sentences because he is a first-time offender and he argues there is no evidence he would reoffend.

{¶ 15} There are two ways that a defendant can challenge consecutive sentences on appeal:

> First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

*State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 16, quoting *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶ 16} When reviewing a defendant's challenge to consecutive sentences on the grounds they are not supported by the record, an appellate court must conduct a "meaningful review" of a trial court's decision to impose consecutive sentences. *See, e.g., State v. Peters*, 8th Dist. Cuyahoga No. 108068, 2019-Ohio-4461, ¶ 30; *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6. R.C. 2953.08(G)(2) states that the appellate court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court." *See also* R.C. 2953.08(F).

{¶ 17} The appellate court "may increase, reduce, or otherwise modify a sentence" or it "may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4) or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶ 18} "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. It is an extremely deferential standard of review. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

**The Trial Court's Decision**

{¶ 19} We find that the record clearly and convincingly supports the imposition of consecutive sentences in this case. The court found that Davis had sexually abused the same victim for several years and that, as a man in his forties, he poses a risk to society despite never having been convicted of a crime before. In response, Davis argues that this court decision in *State v. Regalo*, 8th Dist. Cuyahoga No. 108430, 2020-Ohio-917, necessitates a reversal. We disagree.

{¶ 20} Davis alleges that the facts of *Regalo* are similar to his own. Neither defendant had a criminal record prior to their respective cases. Both men sexually abused minor children. The similarities, such as they are, end there.

{¶ 21} In *Regalo*, this court found that the record did not clearly and convincingly support consecutive sentences because the record *contained* evidence that Regalo would not reoffend, not just that the record was absent of evidence that suggested Regalo would reoffend.

{¶ 22} Regalo sexually abused two minor children multiple times around 2012. He remained in a relationship with the children's mother until 2017, but his crimes did not come to light until June of 2018. He was indicted of one count of rape, one count of kidnapping, and two counts of gross sexual imposition.

{¶ 23} The mother of the victims never suspected abuse, stating that both her children were straight-A students and "very happy kids." *Id.* at ¶ 3. In the analysis, this court noted that Regalo had committed his crimes over five years prior to his indictment and had not committed any further offenses despite continuing to

live with his victims. The Cuyahoga County Probation Department also rated Regalo with a low-risk level of recidivism. These facts are very different to the facts of Davis's case.

{¶ 24} The harm suffered by K.E. was devastating. Davis committed multiple rapes and sexual batteries over a long five-year period using force or the threat of force. The abuse only ended when K.E. turned 18. K.E. could not make a statement to the court at sentencing because she was too afraid to speak in front of Davis. In addition, the state read a statement from K.E.'s mother, who shared that her relationship with K.E. was damaged, that K.E. now has difficulty trusting men, and that their home is now a place of fear. The trial court emphasized that K.E. will be haunted forever by what happened to her.

{¶ 25} The trial court found that Davis had committed serious offenses and found, because of his lengthy history of abuse of the victim and his age, he was a threat to reoffend. The record clearly and convincingly supports those findings and the imposition of consecutive sentences.

{¶ 26} Accordingly, we affirm the decision of the trial court.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS

LARRY A. JONES, SR., J., DISSENTING:

{¶ 28} Respectfully, I dissent. I believe that the record does not clearly and convincingly support the imposition of consecutive sentences.

{¶ 29} Sexually oriented crimes, especially those committed against children, are serious. Yet still, we are tasked under R.C. 2953.08(G)(2) to conduct a meaningful review of the trial court's consecutive-sentence findings based on the specific facts in the record in this case. Thus, in conducting the review, we cannot merely "rubber stamp" a trial court's decision to impose consecutive sentences, regardless of the nature of the crimes or victims involved. *State v. Metz*, 8th Dist. Cuyahoga Nos. 107212, 107246, 107259 and 107281, 2019-Ohio-4054, ¶ 108-110.

{¶ 30} Here, Davis, who was in his early 40s at the time of his conviction and sentencing, had no prior criminal history and expressed remorse for his crimes. I believe that the record does not clearly and convincingly support the trial court's

finding that a consecutive sentence in this case is necessary to protect the public from future crime or to punish the offender. Therefore, I respectfully dissent.