[Cite as *State v. Travis*, 2021-Ohio-125.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                 :

                                   No. 109370

    v.                                          :

LATRALE NELSON TRAVIS,                          :

    Defendant-Appellant.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 21, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630311-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Allison Cupach, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

LARRY A. JONES, SR., J.:

**{¶ 1}** Defendant-appellant Latrale Nelson Travis ("Travis") appeals from the order imposing consecutive sentences for burglary and felonious assault. For the reasons that follow, we affirm.

{¶ 2} In 2019, Travis was charged with one count of aggravated burglary, two counts of felonious assault, and one count of kidnapping involving two unrelated incidents that occurred less than 30 minutes apart. Travis entered into a plea deal with the state of Ohio and agreed to plead guilty to an amended count of burglary and two counts of felonious assault. The trial court sentenced him to ten years in prison, with three years of postrelease control.

{¶ 3} Travis appeals his sentence, raising the following assignment of error for our review:

> I. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

Further facts will be discussed under the assignment of error.

{¶ 4} In his sole assignment of error, Travis contends that the trial court erred in sentencing him to consecutive sentences because it failed to make the requisite statutory findings.

{¶ 5} There are two ways a defendant can challenge consecutive sentences on appeal. *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 15; *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7. First, the defendant can argue that consecutive sentences are contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b). Second, the defendant can argue that the record clearly and convincingly does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

**{¶ 6}** To impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 7}** R.C. 2929.14(C)(4). Only one of the three findings under R.C. 2929.14(C)(4)(a)-(c) must be made to support the imposition of consecutive sentences. *Id.* The trial court must make the required statutory findings at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶ 8}** To make the requisite findings under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26,

quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. When considering whether the trial court has made the requisite findings, an appellate court must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 25 (8th Dist.).

{¶ 9} Travis contends that the trial court did not make the appropriate findings to justify a consecutive sentence. Although the trial court was required to make only one of the three findings in R.C. 2929.14(C)(4)(a)-(c), the trial court found that all applied. Pursuant to R.C. 2929.14(C)(4)(a), the court found that Travis committed the burglary and felonious assault while he was under postrelease control for another case. Pursuant to R.C. 2929.14(C)(4)(b), the court found that "a single term does not adequately reflect the seriousness of the conduct," basing its finding on the following:

> [t]here are two victims that were assaulted by the defendant in June of 2018. Both of those victims were strangers to the defendant and the defendant was a stranger to them. Both of the victims were engaging in normal adult life behavior and not anticipating becoming victims of a violent offense. These incidents happened closely related in time, I think maybe 25 minutes apart.

{¶ 10} And, under R.C. 2929.14(C)(4)(c), the court found that consecutive sentences were necessary to protect the public from future crime based on Travis's

criminal history. Finally, the trial court incorporated its findings into its journal entry.

{¶ 11} An appellate court "may increase, reduce, or otherwise modify a sentence" or it "may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). R.C. 2953.08(G)(2). "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. It is "an extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 12} Travis does not argue that the record does not support consecutive sentences; thus, he has waived all but plain error on review. Moreover, our review of the transcript shows that his sentence is supported by the record. Travis, who has a lengthy criminal record and was on postrelease control when he committed the crimes in this case, brutally attacked two women who were strangers to him and in unrelated incidents that occurred less than 30 minutes apart. The trial court made all the requisite statutory findings and incorporated those findings into its journal entry.

{¶ 13} In light of the above, the sole assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR