[Cite as *State v. Davis*, 2022-Ohio-1056.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                      No. 109359

    v.                          :

JEROME S. DAVIS,                        :

    Defendant-Appellant.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640756-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean M. Kilbane, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Jerome S. Davis ("Davis") appeals his sentence and asks this court to hold that S.B. 201 ("Reagan Tokes Act") is unconstitutional and modify his prison sentence. We affirm.

{¶ 2} Davis pleaded guilty to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2); one count of violating a protection order, a third-degree felony, in violation of R.C. 2919.27(A)(1); and intimidation of crime victim or witness, a third-degree felony, in violation of R.C. 2921.04(B)(1). Davis was sentenced to eight years' imprisonment for the felonious assault charge and three years each on the other two charges for an aggregate total of 14 years' imprisonment. The sentences were run consecutively, and Davis was notified by the trial court that

> [a]s it applies to Reagan Tokes, the defendant is notified that there is a rebuttable presumption that the defendant shall be released from service of the sentence at the expiration of the minimum term, which is 14 years. However, that presumption may be rebutted at a hearing held under 2967.271. If the Department of Rehabilitation and Correction makes specified determinations regarding the defendant's conduct while confined, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security clarification, they may increase his sentence by four years.

(Tr. 33-34.)

{¶ 3} During sentencing, the trial court also noted that it thought the Reagan Tokes Act was unconstitutional, but it was bound to follow the law. (Tr. 32, 36.) The trial court sentenced Davis to serve his sentences consecutively and made the following findings:

The Court is going to impose the maximum possible sentence in this case, for the following reasons: This defendant has a long and violent criminal history. In 2010, in Case Number 536443 he was convicted of felonious assault with a prior conviction. He plead guilty to felonious assault with a notice of prior conviction.

In 2003 in Case Number 441638, he plead guilty to felonious assault with a one-year firearm specification. In 2001, he plead guilty to attempted possession of drugs in Case Number 405411. In the year 2000, actually on May 16, 2001, in Case Number 392975, he plead guilty to possession of drugs, a felony of the fifth degree.

In 1992, in Case Number 290118, he plead guilty to felonious assault. In 1992, in Case Number 287968, he plead guilty to trafficking in drugs, a felony of the third degree. Additionally, he has ten driver's license suspensions and 14 traffic convictions.

This gentleman has been in court continuously, and he has been in court for very violent offenses. This particular offense is horrendous, and the impact that it has had upon the victim in this case is devastating and she will live with the scars as a reminder of this person's conduct for the rest of her life.

Therefore, the defendant will be sentenced as follows: He plead guilty to a felony of the second degree in Count 3 of the indictment. The maximum period of incarceration is eight years. He is sentenced to eight years. He also plead guilty, in Count 4 of this indictment, to a violation of a protection order; that is a felony of the third degree, punishable by nine to 36 months. He is sentenced to an additional 36 months consecutive.

In Count 7, he is sentenced for intimidation of a crime victim to an additional 36 months. So that is 14 years in a state penal institution. This Court will never entertain any form of early release for this individual. He is also, because of his barbaric behavior, fined. So he will do hard time. On the F-2 he is fined $10,000. On both F-3s he is find $5,000; $5,000 per F-3 for a total cumulative fine of $20,000.

(Tr. 30-32.)

**{¶ 4}** Davis subsequently filed this appeal assigning two errors for our review:

I. As amended by the Reagan Tokes Act, the revised code's sentences for first- and second-degree qualifying felonies violates the constitutions of the United States and the State of Ohio; and

II. The trial court erred when it ordered consecutive sentences without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12, and 2929.14.

## I. The Constitutionality of Reagan Tokes Act

### A. Standard of Review

**{¶ 5}** "The interpretation of the constitutionality of a statute presents a question of law." *In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 11, citing *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025. "'Questions of law are reviewed de novo, independently and without deference to the trial court's decision.'" *Id.*

**{¶ 6}** Additionally,

"[a] regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality" and "before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."

*Id.* at ¶ 12, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

{¶ 7} "Moreover, the presumption of validity cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." *Id.* at ¶ 13, citing *Xenia v. Schmidt*, 101 Ohio St. 437, 130 N.E. 24 (1920), paragraph two of the syllabus; *Dickman*.

### B. Law and Analysis

{¶ 8} Davis argues that the Reagan Tokes Act is unconstitutional. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Davis advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-54. Davis does not advance any novel argument left unaddressed by the *Delvallie* decision. As a result, Davis's arguments claiming that his sentence imposed under the Reagan Tokes Law is void based on the same arguments presented in *Delvallie*, are overruled.

{¶ 9} Therefore, Davis's first assignment of error is overruled.

## II. Consecutive Sentences

### A. Standard of Review

{¶ 10} "An appellate court must conduct a meaningful review of the trial court's sentencing decision." *State v. Williams*, 8th Dist. Cuyahoga No. 108904, 2020-Ohio-1622, ¶ 17, quoting *State v. McHugh*, 8th Dist. Cuyahoga No. 108372, 2020-Ohio-1024, ¶ 11.

**{¶ 11}** Also,

> [a]n appellate court "may increase, reduce, or otherwise modify a sentence" or it "may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). R.C. 2953.08(G)(2). "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. It is "an extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

*State v. Travis*, 8th Dist. Cuyahoga No. 109370, 2021-Ohio-125, ¶ 11.

**{¶ 12}** A defendant can challenge consecutive sentences on appeal arguing that the sentences are contrary to law and/or the record does not support the findings made under R.C. 2929.14(C)(4). *See State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 16.

> When reviewing a defendant's challenge to consecutive sentences on the grounds they are not supported by the record, an appellate court must conduct a "meaningful review" of a trial court's decision to impose consecutive sentences. *See, e.g., State v. Peters*, 8th Dist. Cuyahoga No. 108068, 2019-Ohio-4461, ¶ 30; *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6. R.C. 2953.08(G)(2) states that the appellate court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court." *See also* R.C. 2953.08(F).

*State v. Davis*, 8th Dist. Cuyahoga No. 109211, 2021-Ohio-64, ¶ 16.

**B.    Law and Analysis**

{¶ 13} Davis argues that the trial court erred when sentencing him to serve his sentences consecutively because the trial court did not make the statutory findings in accordance with R.C. 2929.11, 2929.12 and 2929.14. However, "[t]he plurality of the Ohio Supreme Court in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 18, held that appellate courts may not review consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12." *State v. Bellomy*, 5th Dist. Fairfield No. 2020-CA-00001, 2020-Ohio-6690, ¶ 24. Appellate courts can only review consecutive sentences under R.C. 2929.14(C)(4). *Gwynne* at ¶ 18.

{¶ 14} According to R.C. 2929.14(C)(4), the trial court may impose consecutive sentences on the defendant if the trial court determines that consecutive sentences (1) are necessary to protect the public from future crime or to punish the offender; (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally (3) that (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Rapier*, 8th Dist. Cuyahoga

No. 108583, 2020-Ohio-1611, ¶ 8, citing *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 15} "In order to reverse the imposition of consecutive sentences, the defendant must clearly and convincingly demonstrate that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *Id.* at ¶ 12. Additionally, the trial court is not required to make the findings verbatim. *State v. Diaz*, 8th Dist. Cuyahoga No. 102582, 2015-Ohio-4382, ¶ 6, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 13 (8th Dist.). "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. O'Conner*, 8th Dist. Cuyahoga No. 107191, 2019-Ohio-702, ¶ 8, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 16} The trial court determined that consecutive sentences (1) are necessary to protect the public from future crime or to punish the offender; (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally (3) that, the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. As indicated earlier, the trial court stated,

> The Court is going to impose the maximum possible sentence in this case, for the following reasons: This defendant has a long and violent criminal history. In 2010, in Case Number 536443 he was convicted

of felonious assault with a prior conviction. He plead guilty to felonious assault with a notice of prior conviction.

In 2003 in Case Number 441638, he plead guilty to felonious assault with a one-year firearm specification. In 2001, he plead guilty to attempted possession of drugs in Case Number 405411. In the year 2000, actually on May 16, 2001, in Case Number 392975, he plead guilty to possession of drugs, a felony of the fifth degree.

In 1992, in Case Number 290118, he plead guilty to felonious assault. In 1992, in Case Number 287968, he plead guilty to trafficking in drugs, a felony of the third degree. Additionally, he has ten driver's license suspensions and 14 traffic convictions.

This gentleman has been in court continuously, and he has been in court for very violent offenses. This particular offense is horrendous, and the impact that it has had upon the victim in this case is devastating and she will live with the scars as a reminder of this person's conduct for the rest of her life.

(Tr. 30-31.)

{¶ 17} The trial court labeled Davis's behavior as "barbaric." (Tr. 32.) The trial court also noted the victim's injuries and suffering. It stated, "I'd like the record to reflect that the scar on this woman's face is very pronounced; I can observe it very clearly sitting 12 feet from her. And this is something that she is going to have to live with for the rest of her life." (Tr. 26.)

{¶ 18} From the record, we determine that the trial court complied with R.C. 2929.14(C)(4) when sentencing Davis to serve his sentences consecutively. We are unable to clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is contrary to law.

{¶ 19} Therefore, Davis's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).